[No. 6565.   Decided December 10, 1907.]

CHARLES H. PEARCE, *Respondent*, v. GREEK BOYS' MINING COMPANY, *Appellant*.[1]

DISCOVERY—INTERROGATORIES—ANSWERS—SUFFICIENCY. It is not error to deny an application for specific answers to each of 160 interrogatories, where those relating to a single matter were grouped and fully answered by one answer and the defendant was sufficiently informed to prepare its defense.

TRIAL — RECEPTION OF EVIDENCE — OBJECTIONS — WAIVER. Where upon objection to testimony, offer of other proof is made, and the objection is modified in such a way as to lead the court and counsel to believe that the first objection is waived, it cannot be urged as error, although no waiver was intended.

EVIDENCE—DOCUMENTARY—COPIES. A certified copy of a recorded instrument is admissible in evidence as an admission.

MASTER AND SERVANT—EMPLOYMENT—ACTION FOR WAGES—EVIDENCE—ADMISSIBILITY. Upon an issue as to whether plaintiff was employed by, and performed services for the defendant, monthly statements made by plaintiff to defendant of expenses in working a mine, showing services performed and a claim for salary due, are relevant to the issues and admissible in evidence, whether shown to the defendant's board of trustees or not.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered April 30, 1906, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action on a contract of employment. Affirmed.

*M. L. Clifford, E. E. Cushman,* and *R. F. Laffoon,* for appellant.

*G. C. Israel,* for respondent.

FULLERTON, J. — The respondent brought this action against the appellant to recover the sum of $3,500, claimed to be due for services rendered the appellant in superintending

[1]Reported in 92 Pac. 773.

the operation of the appellant's mines located at Berner's Bay in the territory of Alaska. The complaint was in the ordinary form, merely alleging the contract of employment, the performance of the services, and the failure of the appellant to pay in accordance with the contract. To the complaint an answer was filed consisting of denials and separate and affirmative defenses, some five in number. At the time the answer was filed and served, the appellant served upon the respondent written interrogatories for the discovery of facts and documents material to its defense, to be answered on oath by the respondent. Later on the respondent filed a reply to the new matter contained in the answer, and also answers to the interrogatories. These answers the appellant deemed insufficient, and moved that they be stricken and further and more complete answers filed. This motion the trial court denied. Thereafter a trial was had on the issues made, before the court and a jury, which resulted in a verdict in favor of the respondent for the sum claimed in his complaint. This appeal is from the judgment entered on the verdict.

It is first assigned that the court erred in refusing to require the respondent to make more complete answers to the interrogatories. There were one hundred and sixty of these interrogatories as the appellant numbered them, and many of them were so compounded as to greatly increase even this considerable number. Many of them bore upon a single issue, and in answering them the respondent grouped those pertaining to one matter and answered the group as if it were but a single interrogatory, without referring to each of them severally. The appellant contends that the court should have required the respondent to answer them *seriatim*, and claims that it has been denied substantial rights in that it was not sufficiently informed of the respondent's contentions as to prepare its defense thereto. But we find nothing in the record that justifies these claims. The answers informed the defendant as to the general nature of the contract, the fact that it

was oral, the name of the officer of the company with whom it was made, and in a general way, what acts he had performed in carrying out its terms.   Had he answered each interrogatory separately, he could have said but little more than he did say, and by answering in the manner he did answer he avoided much unnecessary repetition.   Moreover, how specifically answers to interrogatories shall be made is largely in the discretion of the trial court, and its rulings made in regard thereto will be reviewed only for manifest abuse, such as where the result of the failure to require specific answers has misled the party proposing them to its prejudice.   No such result followed the failure to answer specifically in the present instance, and we find no error in the action of the trial court.

The respondent offered in evidence a certified copy of a financial statement filed by the appellant in the United States District Court of Alaska.   This statement was objected to in the court below because not properly certified nor filed in the office in which the laws of Alaska require it to be filed.   In this court it is further objected that it was not shown that there was any law of Alaska which required or permitted the filing of such a paper.

When the objection was made in the court below, the respondent's counsel stated that if it was insisted upon he would prove the laws of Alaska relating to the filing of such instruments, stating in the same connection what the statute required in that behalf.   The court, also, evidently deeming the statement assented to, restated to the jury the substance of the Alaska statute.   Counsel thereupon modified his objection, insisting that a copy was inadmissible for the purposes it was sought to be introduced, namely, as an admission, urging that only the original could be introduced for that purpose.   The objection was thereupon overruled and the copy admitted.   By this procedure we think counsel waived the first objection and cannot now urge it in this court.   It may be

that he did not so intend.   Indeed, we think he did not, but the record to our mind conclusively shows that both the trial judge and the opposing counsel thought it waived; and this being true, the appellant cannot insist upon it here.   If a party misleads the court he must abide the result, whether it be done intentionally or unintentionally.   As to the objection actually ruled upon, the record presents no error.

The respondent each month, during the term he claims to have been employed by the appellant company, made out and forwarded to the secretary of the company a statement showing the receipts and expenditures of the company in working the mines during the last preceding month.   The respondent procured these statements from the company and was allowed to put them in evidence over the objection of the appellant. It is contended that this was error because the statements did not tend to prove any of the issues.   The answer not only denied the contract of employment, but it was affirmatively alleged that the respondent never performed any service on behalf of the company.   These statements were clearly responsive to these issues.   They not only showed services performed for the appellant, but that the appellant was informed each month of the services performed.   The fact, also, that the services were performed and accepted by the appellant tended to corroborate the respondent's statement that they were performed under a contract.   In the summary to these statements, also, there was a claim of salary due.   This was admissible to disprove the contention made by the appellant to the effect that it had no knowledge of any such claim until long after the services were performed.   It was not error to refuse to allow the appellant's secretary to testify that these statements had never been shown to the board of trustees. This would not have destroyed their probative effect.   They became a part of the records of the company, and it is not the respondent's fault that the trustees did not see them.

Nor did the court err in refusing to instruct a verdict for the appellant.   The respondent, by what seems to us to be the

overwhelming weight of the evidence, proved the substance of
all of the issues on which he had the affirmative. This, clearly,
entitled him to recover.

We have carefully examined the other errors assigned and
do not find that they merit special consideration.

The judgment is affirmed.

RUDKIN, MOUNT, and DUNBAR, JJ., concur.